

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2007

# Montville v. Woodmont Bldrs

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Montville v. Woodmont Bldrs" (2007). *2007 Decisions*. Paper 604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4888

MONTVILLE TOWNSHIP,
                                        Appellant

v.

WOODMONT BUILDERS, LLC;
DAVID MANDELBAUM; NATHAN MANDELBAUM;
RONALD G. TARGAN; RICHARD W. KORALEK;
POST, BUCKLEY, SCHUH & JERNIGAN, INC.

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 03-cv-2680
(Honorable Dickinson R. Debevoise)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2007

Before: SCIRICA, *Chief Judge*, FUENTES and ALARCÓN[*], *Circuit Judges*.

(Filed   August 8, 2007  )

OPINION OF THE COURT

---

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge*.

This appeal arises from an action brought by Montville Township against Woodmont Builders, LLC, and several former owners ("the Mandelbaum Defendants")[1] of a contaminated tract of land ("the Property") in Montville Township, N.J. The Township sought to recover a share of the tract's clean-up costs under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601–9675 (CERCLA), as modified by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613. The Township filed suit under CERCLA § 107(a) (as well as other statutory and common law provisions), but the District Court dismissed its claim. The Supreme Court's recent intervening decision in *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007), directly controls the issue. On this basis, we will reverse in part, affirm in part, vacate in part, and remand for proceedings consistent with that decision and this opinion.

I.

The Property is a 130-acre tract of land that was previously used for agricultural purposes. In July 1999, the Township purchased a 100-acre parcel of the Property from

---

[1]The former owners include David Mandelbaum and Nathan Mandelbaum, along with Ronald G. Targan, Leslie J. Koralek, and Richard W. Koralek, co-trustees under the Anita S. Koralek Living Trust. Montville also brought suit against the environmental engineering firm Post, Buckley, Schuh & Jernigan, Inc., which informed this Court by letter dated March 23, 2006, that it is not a party to this appeal (a point the Township does not appear to have contested).

the Mandelbaum Defendants to use as open space. Woodmont contracted to develop the remaining thirty acres, obtained permission to subdivide the land for residential use, and agreed to remove debris from the Property before the transaction's closing. In April 1998, the environmental engineering firm Post, Buckley, Schuh & Jernigan, Inc. ("PBS&J") had issued a report to the Township after conducting an environmental assessment of the Property. PBS&J's report identified areas of concern on the Property, including above-ground storage containers and debris, and noted that, "[w]hile none of the observed debris was considered hazardous, additional material in lower layers could be classified as such. No sampling is recommended for this area at this time; however, when the debris is removed, the lower layers should be carefully examined." Prior to the closing, the Township was told the debris had been removed from the property, but did not take steps to investigate possible contamination in the lower levels. After the closing, the Township discovered the debris had actually not been removed, and later also discovered the soil was contaminated. The Township then conducted a voluntary clean-up of the Property under the oversight of the New Jersey Department of Environmental Protection.

The Township brought suit under CERCLA §§ 107(a) and 113(f), and also asserted various state and common law claims in its fourteen-count complaint (filed on

3

June 5, 2003), seeking to recover the costs of its clean-up.[2] Both the Mandelbaum

Defendants and PBS&J moved to dismiss the Township's claims against them. On

September 14, 2004, the District Court partially granted the Mandelbaum Defendants'

motion, dismissing (among other claims) the CERCLA § 107(a) action because Montville

Township, as a "potentially responsible party" ("PRP")[3] that had not asserted an

"innocent owner" defense, could not sue under that provision. *Montville Twp. v.

Woodmont Builders, LLC*, No. 03-2680 (D.N.J. Sept. 14, 2004).[4] Woodmont later moved

for summary judgment or judgment on the pleadings on all claims against it, while the

Mandelbaum Defendants moved for summary judgment on the three claims remaining

against them. On August 17, 2005, the District Court granted summary judgment in favor

of the Mandelbaum Defendants and Woodmont, as well as judgment on the pleadings in

---

[2]Count I was brought under CERCLA § 107(a); Count II was brought under CERCLA § 113(f); Count III was for a declaratory judgment under CERCLA; and Count IV was brought under the New Jersey Spill Act. The remaining counts were common law claims.

[3]"Potentially responsible party" and "PRP" are EPA-created terms of art not specifically used in CERCLA, but the Supreme Court has used them, noting that "CERCLA § 107(a) lists four broad categories of persons as PRPs, by definition liable to other persons for various costs." *Atl. Research Corp.*, 127 S. Ct. at 2336 n.2 (citing 42 U.S.C. § 9607(a)(1)–(4)).

[4]The District Court dismissed nine of the twelve counts against the Mandelbaum Defendants, leaving only: a claim under CERCLA § 113(f); a claim for a declaratory judgment under CERCLA; and a claim of negligent misrepresentation. The District Court also dismissed ten of the thirteen counts against PBS&J, leaving only: a claim for negligent misrepresentation; a claim for liability as an intended beneficiary; and a claim for negligence. PBS&J had not yet moved to dismiss these three claims, but later did so in September 2005. The District Court granted the motion on January 6, 2006, and the Township did not appeal from that decision.

4

favor of Woodmont. *Woodmont*, No. 03-2680, 2005 WL 2000204, at *13 (D.N.J. Aug. 17, 2005).[5] The District Court found the Township's four claims under CERCLA and the New Jersey Spill Act were barred by a January 22, 2004, settlement agreement between the Township and Woodmont in a state court proceeding that stated the Township would "'make no claim of any sort under CERCLA or the New Jersey Spill Act . . . in connection with this cleanup.'" *Id.* at *6 (alteration in original). Alternatively, the court found all four claims should be dismissed on the merits: again, the court stated the Township could not bring an action under CERCLA § 107(a) because it was a PRP; and it also stated the Township could not seek contribution for the costs of its cleanup under CERCLA § 113(f) because it faced no liability under CERCLA §§ 106 or 107(a). On August 30, 2005, the Township moved for reconsideration of the court's August 17, 2005, order, and also sought leave to amend its complaint to assert an innocent owner defense (which would preclude its being a PRP) and thereby state a CERCLA § 107(a) claim. The District Court denied both motions on September 30, 2005, and the Township timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's grant of a motion to

---

[5]The District Court granted summary judgment in Woodmont's favor on the Township's claims for injunctive relief and negligent misrepresentation, and judgment on the pleadings in Woodmont's favor on the Township's nine remaining claims against it.

dismiss is plenary. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). In considering whether the complaint survives a motion to dismiss, we review whether it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). We also exercise plenary review of a district court's grant of summary judgment and judgment on the pleadings. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219–20 (3d Cir. 2005). In conducting this review, all facts and inferences are construed in the light most favorable to the non-moving party, and "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Id.* at 220. We review the denial of leave to amend a complaint for abuse of discretion. *See Garvin v. City of Phila.*, 354 F.3d 215, 219 (3d Cir. 2003). Our review of a denial of a motion for reconsideration is plenary where the denial was based on "the interpretation and application of a legal precept," but otherwise we review such denials for abuse of discretion. *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). We exercise plenary review over questions of statutory interpretation. *See United States v. E.I. DuPont de Nemours & Co.*, 432 F.3d 161, 164 (3d Cir. 2005) (en banc).

III.

The two provisions of CERCLA at issue in this case "allow private parties to recover expenses associated with cleaning up contaminated sites." *Atl. Research Corp.*, 127 S. Ct. at 2333. Section 107(a)(4) makes PRPs liable for, among other things:

> (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan; [and]
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan.

42 U.S.C. § 9607(a)(4). Section 113(f)(1), meanwhile, provides in relevant part:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title.

*Id.* § 4613(f)(1).

In *Atlantic Research Corp.*, the Supreme Court held that PRPs may avail themselves of both §§ 107(a)(4)(B) and 113(f)(1) to recover clean-up expenses (albeit in different circumstances). Its statement that "the plain language of [§ 107(a)(4)(B)] authorizes cost-recovery actions by any private party, including PRPs," *Atl. Research Corp.*, 127 S. Ct. at 2336, thus overruled our recent holding in *E.I. DuPont de Nemours & Co. v. United States*, 460 F.3d 515 (3d Cir. 2006), that § 113(f) provides the exclusive cause of action available to PRPs. The Court distinguished actions to recover incurred clean-up costs under § 107(a) (which may be undertaken by any private party at any time) with actions for contribution under § 113(f) (which may only be undertaken by a party

7

facing liability under §§ 106[6] or 107(a), and only where there has been an inequitable

distribution of common liability):

> [T]he remedies available in §§ 107(a) and 113(f) complement each other by providing causes of action to persons in different procedural circumstances. Section 113(f)(1) authorizes a contribution action to PRPs with common liability stemming from an action instituted under § 106 or § 107(a). And § 107(a) permits cost recovery (as distinct from contribution) by a private party that has itself incurred cleanup costs. Hence, a PRP that pays money to satisfy a settlement agreement or a court judgment may pursue § 113(f) contribution. But by reimbursing response costs paid by other parties, the PRP has not incurred its own costs of response and therefore cannot recover under § 107(a). As a result, though eligible to seek contribution under § 113(f)(1), the PRP cannot simultaneously seek to recover the same expenses under § 107(a).

*Id.* at 2338 (citing *DuPont*, 460 F.3d at 548 (Sloviter, J., dissenting)).

Accordingly, the District Court was correct in concluding the Township could not

sue for contribution under § 113(f) (because it faced no liability under §§ 106 or 107(a)),

but incorrect in concluding the Township could not sue to recover costs under § 107(a)

(because it was a PRP).[7] On remand, the District Court should reconsider Counts I

(CERCLA § 107(a)) and III (declaratory judgment under CERCLA) of the Township's

complaint against the Mandelbaum Defendants and Woodmont in light of *Atlantic*

---

[6]Section 106 allows the government to order a PRP to take action. 42 U.S.C. § 9606.

[7]Of course, we recognize the District Court's conclusion as to § 107(a) was a correct interpretation of the law of this Circuit at the time, and only subsequently changed by the Supreme Court's recent decision in *Atlantic Research Corp.*

8

*Research Corp.*[8]  Both the Mandelbaum Defendants and Woodmont contend that, because the Township framed its CERCLA § 107(a) claim in its brief as an "implied right of action for contribution," Township Br. 22, *Atlantic Research Corp.* is inapposite.  Indeed, the Supreme Court carefully distinguished between § 107(a)'s right to "cost recovery" and § 113(f)'s right to "contribution."  *See Atl. Research Corp.*, 127 S. Ct. at 2338. Further, the Mandelbaum Defendants and Montville contend the Township waived the argument that it had an "implied right of action for contribution" under § 107(a), because it had not raised that argument before the District Court, where it instead framed its § 107(a) claim as a cost recovery action under an explicitly conferred right.  We reject both of these arguments: the Township's complaint properly sought to recover clean-up costs under CERCLA § 107(a) in accordance with the Supreme Court's subsequent *Atlantic Research Corp.* decision, and semantic distinctions in briefing that also pre-dated *Atlantic Research Corp.* should not bar us from considering and remanding those § 107(a) claims.

IV.

We will reverse the District Court's disposition of Counts I and III of the Township's complaint against the Mandelbaum Defendants and Woodmont, and remand for proceedings consistent with *Atlantic Research Corp.* and this opinion.  We will affirm

---

[8]Given the District Court's focus on the merits of the CERCLA claims against the Mandelbaum Defendants and Woodmont in its summary judgment opinion, the court should also re-visit the question of whether the settlement agreement bars the Township's § 107(a) claim against Woodmont.

the District Court's disposition of Count II. The parties' briefing did not analyze the remaining New Jersey Spill Act and common law claims, which is not surprising because the focus of this action is on the CERCLA claims. Nonetheless, we will vacate the District Court's disposition of the remaining claims for reconsideration, if necessary, in light of this opinion.